# In the United States Court of Federal Claims
### OFFICE OF SPECIAL MASTERS
No. 13-219V
Filed: March 10, 2014

```
* * * * * * * * * * * * * * * *
INA SCANLON,                           *  PUBLISHED¹
                                       *
            Petitioner,                *  Special Master
v.                                     *  Hamilton-Fieldman
                                       *
SECRETARY OF HEALTH                    *
AND HUMAN SERVICES,                    *  Vaccine Act Attorneys' Fees; Reasonable
                                       *  Basis for a Claim.
            Respondent.                *
* * * * * * * * * * * * * * * *
```

David P. Murphy, Greenfield, IN, for Petitioner,
Linda S. Renzi, Washington, DC, for Respondent.

### DECISION ON ATTORNEYS' FEES AND COSTS

In her petition for compensation under the National Vaccine Injury Program (the "Act" or "Program") (42 U.S.C. §300aa-10²), Petitioner, Ina Scanlon, alleged that she suffered immune thrombocytopenia ("ITP") as a result of the varicella zoster ("shingles") vaccine she received on April 1, 2010. Petition ("Pet.") at 1- 4.  The petition was dismissed on September 27, 2013. Decision, ECF No. 19, *motion for review denied*, *Scanlon v. Sec'y of Health & Human Servs.*, 114 Fed. Cl. 135 (2013).  For the reasons set forth below, the undersigned denies an award for attorneys' fees and costs.

---

¹ The undersigned intends to post this published decision on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, § 205, 116 Stat. 2899, 2913 (codified as amended at 44 U.S.C. § 3501 note (2006)).  As provided by Vaccine Rule 18(b), each party has 14 days within which to request redaction "of any information furnished by that party (1) that is trade secret or commercial or financial information and is privileged or confidential, or (2) that are medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of privacy."  Vaccine Rule 18(b).  Otherwise, "the entire" decision will be available to the public.  *Id.*

² National Childhood Vaccine Injury Act of 1986, Pub. L. No. 90-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. §300aa (2006).

1

# I

# PROCEDURAL HISTORY

Petitioner's claim for compensation was filed on March 28, 2013. Pet., ECF No. 1. Paragraph 13 of the petition averred that the varicella zoster vaccine administered to Petitioner is one that appears on the Vaccine Injury Table. *Id.* at 4.

Pursuant to a status conference held on August 22, 2013, the undersigned issued an order notifying Petitioner that Petitioner's claim was in jeopardy of dismissal because the varicella zoster vaccine is not a covered vaccine as specified by the Vaccine Injury Table. Order, ECF No. 14; *see* 42 C.F.R. § 100.3.

On September 5, 2013, Respondent filed a motion to dismiss, asserting that the vaccine Petitioner claimed caused Petitioner's injury is not covered under the Act, and therefore, Petitioner failed to state a claim upon which the undersigned could grant relief. Resp't's Motion to Dismiss at 1, ECF No. 17. The undersigned agreed, and on September 27, 2013, dismissed Petitioner's case for failure to state a claim upon which relief may be granted, as the vaccine that Petitioner claimed caused the injury is not a covered vaccine under the Act. Decision at 4, ECF No. 19.

Undeterred, on September 30, 2013, Petitioner filed a motion for review of the undersigned's decision. Motion for Review, ECF No. 20. On December 17, 2013, the Court of Federal Claims Judge assigned to this case issued an opinion affirming the undersigned's decision, holding that "[t]he shingles vaccine is not a "varicella vaccine" within the terms of 42 C.F.R. § 100.3, and injuries resulting from its receipt are not compensable under the Vaccine Act." *See Scanlon*, 114 Fed. Cl. at 143.

On December 23, 2013, Petitioner filed an Application for Fees and Costs, seeking $11,919.62, and attached supporting documentation. Motion for Attorney's Fees, ECF No. 29. Petitioner seeks all fees and costs attributed to Petitioner's case, including all time spent after the undersigned cautioned Petitioner that the varicella zoster vaccine at issue is not a covered vaccine under the Act, and that Petitioner was unlikely to prevail by proceeding further. *Id.* at 2. Petitioner states that two attorneys and a paralegal were responsible for all work done in Ms. Scanlon's case and gives a cursory overview of the type of work completed and the rates charged. *See generally id.* Petitioner states that the senior attorney's work was billed at a rate of $250.00 per hour, the associate's work was billed at the rate of $200.00 per hour, and the paralegal's work was billed at the rate of $75.00 per hour. *Id.* at 2. In support of this, Petitioner included an invoice that itemized what work the attorneys and paralegal performed, the amount of time spent on that work, and the total costs attributed to that work. Exhibit Invoices and Receipts Attachment to Motion for Attorney Fees, ECF No. 29. However, each task did not have its own line entry indicating the amount of time spent on each task, resulting in several tasks lumped together in each time entry. *See generally id.*

On January 13, 2014, Respondent filed an Opposition to Petitioner's Application for Fees and Costs, arguing that Petitioner lacked a reasonable basis for pursuing this case. Opposition, ECF No. 31. Respondent concluded that the undersigned should deny Petitioner's Application. *Id.* Respondent argued that the cornerstone of reasonable basis is the feasibility of the claim,

which Petitioner lacked because her claim sought damages attributed to a vaccine not covered under the Act. *Id.* at 2-3.  However, if the undersigned chose to award fees, Respondent did not object to the amount of fees and costs requested by Petitioner.  *Id.* at 2.

On January 14, 2014, Petitioner filed a Reply to Respondent's Opposition, claiming that Petitioner possessed a reasonable basis for the litigation, that the Act allows fees and costs regardless of outcome, and that the varicella zoster vaccine's exclusion from the Act is not well publicized. Reply, ECF No. 32.  Petitioner asserts two reasons for the existence of reasonable basis.  First, Petitioner claims reasonable basis exists as Petitioner advanced documentation supporting the notion that the varicella zoster vaccine caused Petitioner's injury. *Id.* at 2. Second, Petitioner claims reasonable basis because Petitioner reasonably believed that the varicella zoster vaccine fell within the same category as the varicella vaccine, which is a covered vaccine under the Act.  *Id.*

## II

### DISCUSSION

Under 42 U.S.C. § 300aa-15(e)(1)(B), if the judgment on a petition does not award compensation, the special master may award compensation to cover a petitioner's reasonable attorneys' fees and costs incurred in any proceeding arising out of the petition if the special master determines that the petitioner brought the claim in good faith, **and** there was a reasonable basis for the petitioner's claim.  According to 42 U.S.C. § 300aa-11(b)(1)(A), eligibility to file a petition under the Program requires that one "sustained a vaccine-related injury . . . as the result of the administration of a vaccine set forth in the Vaccine Injury Table." Furthermore, 42 U.S.C § 300aa-11(c)(1)(A) states that a petition for compensation under the Program for a vaccine-related injury or death "shall contain . . . supporting documentation, demonstrating that the person who suffered such an injury . . . received a vaccine set forth in the Vaccine Injury Table." The Vaccine Act expressly authorizes the United States Department of Health and Human Services to revise the Vaccine Injury Table.  *See* 42 U.S.C. § 300aa-14(c)(1).

The good faith of Petitioner's claim is not disputed; therefore, the only issue is whether Petitioner had a reasonable basis for bringing the claim.

Neither the Vaccine Act nor the rules governing the Program's proceedings define "reasonable basis." There is little definitive guidance on what constitutes "reasonable basis," and the Federal Circuit has not interpreted reasonable basis.  In the absence of a codified definition, special masters and the Court of Federal Claims have held that reasonable basis is an objective standard determined by the totality of the circumstances. *McKellar v. Sec'y of Health & Human Servs.*, 101 Fed. Cl. 297, 303 (2011) (citing *Hamrick*, 2007 WL 4793152, at *4).  In *Murphy v. Secretary of Health and Human Services*, the Court of Federal Claims held that prior to accepting a case, "an attorney should be able to distinguish a case that has reasonable underpinnings from one that does not," and that "an attorney should use reasoned judgment to accept or pursue a claim." *Murphy v. Sec'y of Health & Human Servs.*, 30 Fed. Cl. 60, 62 (1993), *aff'd*, 48 F.3d 1236 (Fed. Cir. 1995).  In *Silva v. Secretary of Health and Human Services*, the Court of Federal Claims held that special masters maintain broad discretion in awarding

3

attorneys' fees when no compensation is awarded on a petition. *Silva v. Sec'y of Health & Human Servs.,* 108 Fed. Cl. 401, 405 (2012); *see also Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521 (Fed. Cir. 1993). The Program's statute supports this conviction: special masters "*may* award an amount of compensation ... *if* the special master ... determines that the petition was brought in good faith and there was a reasonable basis for the claim." 42 U.S.C. § 300aa–15 (e)(1)(B) (emphasis added).

Special masters may consider a number of factors in evaluating whether a reasonable basis existed for filing a vaccine claim, including the factual basis for the claim and the medical support in favor of the claim. *Di Roma v. Sec'y of Health & Human Servs.*, No. 90-3277, 1993 WL 496981, at *1 (Fed. Cl. Spec. Mstr. Nov. 18, 1993). Additionally, special masters may examine the circumstances under which counsel filed the petition. *Turner v. Sec'y of Health & Human Servs.*, No. 99-544V, 2007 WL 4410030, at *6-7 (Fed. Cl. Spec. Mstr. Nov. 30, 2007); *see also Hearrell v. Sec'y of Health & Human Servs.*, No. 90-1320V, 1993 WL 129645, at *1 (Fed. Cl. Spec. Mstr. Apr. 6, 1993) (acknowledging that time constraints may affect the pre-filing investigation made by counsel and reasonableness of filing a petition without any supporting documentation). Reasonable basis, however, is lacking when a petitioner's attorneys do not properly investigate a case before filing it. *Silva*, 108 Fed. Cl. at 405. The crux of a court's finding that a claim lacked reasonable basis is a determination that counsel failed to make fundamental inquiries about the case. *Stevens v. Sec'y of Health & Human Servs.*, No. 90-221V, 1992 WL 159520, at *4 (Cl. Ct. Spec. Mstr. June 9, 1992), *aff'd*, 996 F.2d 1236 (Fed. Cir. 1993) (denying fees where doctor and lawyer ignored glaring inconsistency between medical records and factual allegations); *see also Perreira v. Sec'y of Health & Human Servs.*, 27 Fed. Cl. 29, 33-35 (1992) (denying fees after a lawyer failed to question the information of particular interest, on which the expert premised his or her opinion). Reasonable basis is absent when petitioners bring claims for vaccines not listed in the Vaccine Injury Table. *Schmidt v. Sec'y of Health & Human Servs.*, No. 11-401V, 2012 WL 1392632, at *1 (Fed. Cl. Spec. Mstr. Mar. 30, 2012) (finding no reasonable basis and denying a petitioner's application for fees and costs because basic "diligence would have informed [petitioner] that she could not receive compensation on a claim" for a vaccine not listed in the Vaccine Injury Table as three prior cases held the vaccine at issue was not covered by the Vaccine Injury Table).

Varicella zoster is not a covered vaccine listed on the Vaccine Injury Table. A basic search of vaccine cases yields no cases in which compensation has been awarded for injuries attributed to Zostavax or any other vaccine against varicella zoster. There are decisions, dismissing petitions that alleged injury from a varicella zoster vaccination due to the exclusion of the Zostavax vaccine from the Vaccine Injury Table. *See, e.g., Nilsen v. Sec'y of Health & Human Servs.*, No. 10-110V, 2010 WL 1753471, at *1-2 (Fed. Cl. Spec. Mstr. Apr. 6, 2010) (dismissing petitioner's case for lack of jurisdiction because Zostavax is not listed on the Vaccine Injury Table.); *Doe/44 v. Sec'y of Health & Human Servs.*, No. [redacted]V, 2009 WL 3124758, at *3 (Fed. Cl. Spec. Mstr. Sept. 25, 2009) (dismissing petitioner's claim for lack of subject matter jurisdiction because Zostavax is not a vaccine covered under the Act); *Doe/47 v. Sec'y of Health & Human Servs.*, No. [redacted]V, 2009 WL 3416368, at *1 (Fed. Cl. Spec. Mstr. Sept. 10, 2009) (dismissing petitioner's claim because the varicella zoster vaccine, Zostavax, is not on the Vaccine Injury Table).

Petitioner's counsel failed in this case to meet the reasonable basis requirement under the Act. Whether Zostavax is a covered vaccine under the Act was an inquiry fundamental to Petitioner's claim. Petitioner's counsel failed to properly investigate Zostavax's exclusion from the Vaccine Injury Table before filing a petition for compensation, alleging a Zostavax injury.

Petitioner first contacted counsel on March 27, 2013, four days before the statute of limitations on Petitioner's claim would have expired. Motion at 1, ECF No. 29. Between Petitioner's first contact with counsel and the expiration of the statute of limitations, Petitioner's counsel spent considerable time researching and documenting Petitioner's case. Exhibit Invoices and Receipts Attachment to Motion for Attorney Fees, ECF No. 29. However, counsel spent only 0.9 hours conducting statutory research; counsel conducted no statutory research until April 4, 2013, eight days after Petitioner first obtained counsel, seven days after the petition was filed, and four days after the expiration of the statute of limitations. *Id*. at 1. The significant amount of time spent by Petitioner's counsel researching Petitioner's case before the expiration of the statute of limitations provided ample opportunity for counsel to discover that Zostavax is not a covered vaccine under the Act. *Doe/47*, *Doe/44*, and *Nilsen* dismissed claims for injuries alleged by Zostavax, and are readily available on any legal research database. *Doe/47*, 2009 WL 3416368; *Doe/44*, 2009 WL 3124758; *Nilsen*, 2010 WL 1753471. Moreover, the second hyperlink following a simple Google search for "vaccine compensation Zostavax" produces a report by the CDC that highlights Zostavax's exclusion under the Program.[3] Fundamental diligence would have uncovered that Zostavax was not a covered vaccine under the Act, and that an injury stemming from Zostavax does not warrant compensation under the Act. There was no reasonable basis for the filing of Petitioner's claim, and therefore, Petitioner is not entitled to attorneys' fees and costs under the Act.

### III

### CONCLUSION

For the reasons stated herein, Petitioner's motion for fees and costs is DENIED. In the absence of a timely-filed motion for review filed pursuant to Appendix B of the Rules of the U.S. Court of Federal Claims, the clerk of the court shall enter judgment in accordance herewith.

**IT IS SO ORDERED.**

/s/ Lisa D Hamilton-Fieldman.
Lisa D Hamilton-Fieldman
Special Master

---

[3] "CDC Seeks to Protect Older Adults With Shingles Vaccine Message," Centers for Disease Control, *available at* http://www.cdc.gov/vaccines/vpd-vac/shingles/downloads/shingles-vac-msg-2008.pdf (last visited Mar. 7, 2014).